IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MANUEL ROSSEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-3128 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Manuel Rossel, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a state felony conviction for murder. The respondent moved for summary judgment on the ground that the petition was time-barred. (Docket Entry No. 18). Rossel filed a response. (Docket Entry No. 20). Based on careful consideration of the pleadings, the motion and response, the state-court record, and the applicable law, this court denies the respondent's motion. The reasons are set out below.

**I.    Background**

A jury found Rossel guilty of the felony offense of murder. (Cause Number 955543). On August 28, 2003, the court sentenced Rossel to a 99-year prison term. The First Court of Appeals of Texas affirmed Rossel's conviction on February 10, 2005. The Texas Court of Criminal Appeals refused Rossel's petition for discretionary review on July 27, 2005. Rossel filed a petition for writ of certiorari with the Supreme Court, which was denied on January 9, 2006. Rossel applied for state habeas corpus relief on January 4, 2007. The Texas Court of Criminal Appeals denied the

application without a hearing or written order, on the findings of the trial court, on October 1, 2008. *Ex parte Rossel,* Application No. 67,847-02 (EventID: 2335073) at cover.

On October 16, 2008, this court received Rossel's federal petition. The petition was filed when Rossel tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Rossel tendered the petition to be mailed on the date he signed it, October 13, 2008. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Rossel contends that his conviction is void for the following reasons:

(1) The evidence was insufficient to prove murder, as alleged in the indictment.

(2) His right to due process was violated because:

    a. he was not allowed to present a third-party-suspect defense;

    b. the prosecutor admitted inculpatory statements;

    c. he was not allowed to introduce a videotaped reenactment;

    d. hearsay testimony was admitted from three witnesses;

    e. evidence of several prior bad acts was admitted against him; and

    f. he could not impeach a witness with her drug usage.

(3) The prosecution engaged in misconduct by:

    a. admitting perjured testimony;

    b. stating during closing argument that it was not necessary for the jury's verdict to be unanimous; and

    c. misstating the law of sudden passion during closing argument.

  (4) Trial counsel rendered ineffective assistance by:

    a. failing to impeach an eyewitness;

    b. failing to advocate for an identification hearing;

    c. failing to argue a third-party defense;

    d. failing to obtain independent DNA testing;

    e. failing to impeach the work of the crime laboratory;

    f. failing to suppress a flyer;

    g. failing to request a limiting instruction; and

    h. failing to request a limiting instruction at the punishment stage of trial.

  (5) Appellate counsel rendered ineffective assistance by failing to raise these claims on appeal.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8C).

The threshold issue is whether Rossel filed this petition after the statute of limitations had expired.

## II. The Applicable Law

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

### III. Analysis

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Rossell's conviction became final when the Supreme Court denied his petition for a writ of certiorari, January 9, 2006. The limitations period ended one year later, on January 9, 2007. Rossel did not file this federal petition until October 13, 2008.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). The limitations period was tolled from the date Rossel filed his state habeas application until October 1, 2008, when it was denied. When the Texas Court of Criminal Appeals denied Rossel's application, five days of the one-year limitations period remained. The

limitations period ended on October 6, 2008. Rossel waited until October 13, 2008 before filing his federal petition.

The respondent argues that the state habeas application was filed on January 4, 2007. Rossel argues that he filed it on December 27, 2006, the date the Clerk of Court signed the return receipt. (Docket Entry 20, Petitioner's Response, p. 1). Rossel filed a supplement that included a memorandum and a private investigator's report on January 16, 2007. Rossel asserts that the state district court later claimed that it never received the original habeas application, though it did receive the supplement. (*Id.* at 2). Rossel supports his argument that he filed the state habeas application on December 27, 2006 with the certified mail return receipt signed by Jane Campbell. Rossel submitted this receipt to the state court with a petition for a writ of mandamus filed on December 10, 2007. *Ex parte Rossel,* Application No. 67,847-01 (EventID: 2313678) Ex. A.

In an order dated April 9, 2008, the Texas Court of Criminal Appeals noted that Rossel had filed a petition for a writ of mandamus but that the trial court had not responded. The Texas Court of Criminal Appeals instructed the trial court to allow Rossel's defense counsel to respond to Rossel's ineffective assistance claim, if the original state habeas application that Rossel asserts he filed on April 17, 2006 could be located. Alternatively, the Texas Court of Criminal Appeals instructed the trial court to give Rossel an additional opportunity to refile his state habeas application. The Texas Court of Criminal Appeals directed the trial court to make the necessary fact findings to resolve Rossel's claims within ninety days. *Ex parte Rossel,* Application No. 67,847-02 (Event ID: 2326718) at 1.

The respondent filed a first supplemental answer on April 22, 2008. The respondent stated:

> Applicant originally filed an Initial Application for Habeas Corpus, Memorandum of Law and Index of Attachments. However, they were inadvertently misfiled by the clerk, and never received by Respondent. Applicant then filed a Supplemental Application, which Respondent received and opposed in its Original Answer. Applicant's Supplemental Application and Respondent's Original Answer were transmitted to the Court. Respondent then received the order of the Court, requiring that the Original Application be located, or that Applicant be given an opportunity to refile. After an exhaustive search, the Original Application, the Memorandum of Law and the Index of Attachments have been located. This is Respondent's Supplemental Answer in reply to Applicant's original (but previously misplaced) claims.

*Ex parte Rossel,* Application No. 67,847-02 (EventID: 2335073) at 32-33.

The state habeas court entered findings of fact on June 6, 2008. *Id.* at 53-59. The Texas Court of Criminal Appeals denied relief, without a hearing or written order, on the findings of the trial court, on October 1, 2008. *Id.* at cover.

The state court records show that the Harris County District Court file-stamped Rossel's original state habeas application on January 4, 2007. Rossel filed a supplemental state application on January 16, 2007. Rossel argues that his state habeas application was filed on December 27, 2006, the date it was in fact received in the state district court, not the date that it was stamped "filed." If the application was filed in December 2006, tolling the federal limitations period, this federal petition was timely filed. If the petition was not filed until January 2007, this federal petition is untimely unless equitable tolling applies. The issue is when the state application was "filed."

Under the "mailbox rule," a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998). In *Coleman v. Johnson,* 184 F.3d 398 (5th Cir. 1999), the court held that this rule did not apply to determining the filing dates for state habeas applications. In *Coleman,*

the petitioner argued that the district court had erred in dismissing based on limitations. The petitioner asserted that the filing date was when he signed his state postconviction application, not the date it was stamped "filed."

The Fifth Circuit stated:

> Unlike this court's prior extensions of *Houston*, such a ruling would require us to interpret state rules of filing and to address the filing systems of state courts. We decline to extend the mailbox rule to the determination of filing dates for state habeas applications. Instead, when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding, we will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1).

*Coleman*, 184 F.3d at 402.

Similarly, finding that Rossel's state application was filed as of the date the state Clerk of Court signed the return receipt would require this court to interpret state court rules of filing and to address the filing systems of the Harris County District Court. Because Rossel has asserted that his ability to file a federal habeas petition has been affected by a state proceeding, this court must, under Fifth Circuit case law, determine whether Rossel is entitled to equitable tolling under § 2244(d)(1).

The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances." *United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id.* (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Hardy*

*v. Quarterman*, 577 F.3d 596 (5th Cir. 2009) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)). A petitioner must show that he "pursued the [habeas corpus relief] process with diligence and alacrity." *Phillips*, 216 F.3d at 511 (requiring that a petitioner show diligence upon notification); *see Lewis v. Cockrell*, 275 F.3d 46, 2001 WL 1267701 (5th Cir. Oct. 15, 2001) (explaining that a court should consider whether a petitioner acted diligently both before and after receiving notification of the state court's actions). Equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam) (stating that factual findings regarding equitable tolling are reviewed for clear error). Rossel must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2254 motion. *United States v. Petty*, 530 F.3d 361 (5th Cir. 2008) (citing *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)).

Rossel argues that the state court district clerk received his state habeas application on December 27, 2006 but waited until January 4, 2007 to file it. A delay by state officials in processing an application for state postconviction relief is not, by itself, grounds for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000), quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."). However, a substantial delay may qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000).

Though his state application was file stamped on January 4, 2007, Rossel argues that the state court district clerk received his state habeas application on December 27, 2006. Rossel offers a copy of the certified mail receipt to support his contention that his state application was filed on December 27, 2006. He could reasonably have believed that his state application was filed on that date, and he could reasonably have believed that the deadline for filing his federal petition was October 13, 2008.

There is a genuine issue of material fact as to the timeliness of Rossel's federal petition. Respondent's motion for summary judgment, (Docket Entry No. 18), is DENIED.

By **March 22, 2010,** the respondent must file a supplemental motion for summary judgement addressing the merits of Rossel's claims. The dispositive motion addressing the merits of Rossel's claims must be filed in accordance with this court's order dated January 22, 2009. (Docket Entry No. 12).

Rossel must file a response to any dispositive motion filed by the respondent, within thirty (30) days of the date in which the respondent mailed petitioner his copy of the additional pleadings, as shown on the respondent's certificate of service. Rossel's failure to file a response within thirty days will result in dismissal of this action for want of prosecution under Rule 41(b), FED. R. CIV. P.

SIGNED on December 15, 2009, at Houston, Texas.

Lee H. Rosenthal
United States District Judge